## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROCA LABS, INC.,                                              Case No:

        **Plaintiff,**

    v.

MARC J. RANDAZZA,

        **Defendant.**

___

### DECLARATION OF MARC J. RANDAZZA, ESQ. IN SUPPORT OF NOTICE OF REMOVAL

    I, MARC J. RANDAZZA, ESQ., having personal knowledge of the matters set forth herein and being competent to testify about them if called to do so at trial, state as follows:

1.    I am the managing partner of Randazza Legal Group and an attorney licensed to practice in the states of Nevada, Arizona, California, Florida, and Massachusetts.

2.    I am the attorney of record for Opinion Corp., defendant in the *Roca Labs, Inc. v. Opinion Corp.* matter (Case No.: 8:14-cv-02096-VMC-EAJ), currently pending in the United States District Court, Middle District of Florida, Tampa Division.

3.    On or about 13 October 2014, I received a copy of a letter that Don Juravin, founder and Vice President of Roca Labs, filed with the Nevada Attorney General's Office. This letter contained false accusations, accusing me of engaging in bribery. A true and correct copy of that letter is attached to the Notice of Removal (hereinafter "Notice") as **Exhibit D**.

4.    I believe that that complaint was entirely unfounded, and designed as an attempt to injure my reputation, remove me from the *Opinion Corp.* case, and/or serve as a distraction

DocuSign Envelope ID: 54C41126-2BA6-4325-AC70-B4F8FAE77C9D

to the heart of the litigation itself. Despite it being clearly defamatory, I elected not file a defamation claim against Juravin or Roca Labs, as I believed it would be an unnecessary distraction in my representation of my client.

5. On or about 21 October 2014, I received a copy of a letter from the Nevada Attorney General's Public Integrity Unit, indicating that the complaint lodged by Juravin was unfounded, and the matter was deemed to be closed. A true and correct copy of that letter is attached to the Notice as **Exhibit E**. In my experience, a response issued that quickly is unusual, and my interpretation of the rapid reply is that the complaint was considered so lacking in merit that it did not warrant even a weeks' worth of consideration.

6. I believe this case was filed for the same improper purpose as the unfounded Nevada AG Complaint; Roca Labs filed a foolish and unsupportable case against Opinion Corp., and would prefer that Opinion Corp. not be permitted to be represented by counsel of its choice.

7. Should a preliminary injunction be granted in this case, it would be destructive both to my practice, and to the legal community as a whole, with broad implications for both zealous representation and free expression. Such a ruling would send a message to all attorneys that by effectively representing their clients, they themselves are open to threat of litigation by any disgruntled opposing party. It will further be the first time in history (at least as far as I am aware) that a court enters an injunction against speech originating from *legal pleadings*.

8. I believe that an injunction such as the one Roca Labs is requesting here would cost my practice in excess of $75,000. If I were enjoined from adequately representing my clients in litigation and speaking to the media at all, as Roca Labs is requesting, I would be handcuffed in my ability to seek out witnesses, to seek out separate counsel for other parties being sued by Roca Labs (including my own witnesses), and it would stifle my efforts to assemble class members for a sincerely contemplated (and currently in-the-works) class action by Roca Labs' customers against the company – a case in which I am collaborating counsel. Moreover, although infringement on First Amendment protected speech is difficult to quantify, I value my ability to engage in fair commentary far in excess of $75,000.

9. Attached as *Exhibit C* is a true and correct copy of the letter Don Juravin sent to the Nevada Attorney General's Office.

10. Attached to the Notice as **Exhibit F** is a true and correct copy of the operative complaint in the *Roca Labs v. Schaive et al.*, Circuit Court of the 17th Judicial Circuit, Broward County, Florida Case No.: CACE 14-020786 matter.

11. Attached to the Notice as **Exhibit G** is a true and correct copy of an e-mail I received from James Hetz, Esq., counsel for Roca Labs in the *Roca Labs v. Opinion Corp.* matter dated 6 November 2014.

12. Attached to the Notice as **Exhibit H** is a true and correct copy of Roca Labs' Terms & Conditions, as provided by Roca Labs in the *Roca Labs v. Opinion Corp.* matter.

13. Attached to the Notice as **Exhibit I** are true and correct copies of demand letters sent to Roca Labs customers, as provided by Roca Labs in the *Roca Labs v. Schaive et al.* matter.

14. Attached to the Notice as **Exhibit J** are true and correct copies of the demand letters sent by Roca Labs to Tracy Coenen of Fraud Files and Mike Masnick of TechDirt, demanding they take down any reference to Roca Labs litigation.

Signed this 1st day of December, 2014.

DocuSigned by:

*Marc Randazza*

MARC J. RANDAZZA, ESQ.