UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,
    Plaintiff,                                     CASE NO: 8:14-CV-03014-SCB-MAP

vs.

MARC RANDAZZA,
    Defendant.
_____/

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Roca Labs, Inc ("ROCA LABS"), by the undersigned counsel, hereby moves the Court to Remand this case to the Circuit Court of Hillsborough County, Florida from which it was removed. The grounds supporting this motion are set forth in the Memorandum of Law that follows below.

**LOCAL RULE CERTIFICATION**

The undersigned counsel consulted with opposing counsel pursuant to Local Rule 3.01(g). Counsel for Marc Randazza, Mr. Larry Walters, Esq., opposes the relief requested.

**MEMORANDUM OF LAW**

**I.    Background**

This action was filed in the Circuit Court of Hillsborough County, Florida on or about November 6, 2014. In the Complaint, ROCA LABS did not demand a specific amount of damages. Instead, Plaintiff simply alleged that the state court's jurisdictional minimum of $15,000.00 had been met (Doc. 2).

On or about December 2, 2014, Defendant, Marc Randazza (RANDAZZA) removed the case to

this Court predicating their Notice of Removal on the presumption of complete diversity of citizenship and damages exceeding $75,000.00 (Doc. 1). The original Complaint pled claims for Tortious Interference, Defamation *Per Se*, and Declaratory Relief seeking the recovery of damages incurred by Plaintiff as a result of an actions Defendant perpetrated. (Doc. 2).

### II.     This Court Lacks Jurisdiction

#### *A)     Defendant Has Not Met His Burden*

RANDAZZA incorrectly argues he is entitled to removal of this state court action to the U.S. District Court for the Middle District of Florida because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a). This Court has original jurisdiction only if this action involves an amount in controversy that exceeds $75,000.00, exclusive of interest and costs, and the parties involved are diverse. 28 U.S.C. §1332(a). Here, Defendant has failed to establish that the amount in controversy exceeds $75,000.00.

Plaintiff concedes that the parties are diverse with respect to citizenship, and concurs that the questions of law can be ferreted out by either a federal or state Court. However, the Defendant has completely failed to satisfy or otherwise prove that the requisite amount in controversy is greater than $75,000.00. Because Defendant's Notice of Removal failed to establish the requisite amount in controversy pursuant to 28 U.S.C. §1332, the subject action should be remanded back to its originating Court, State Circuit Court, in and for Hillsborough County, Florida.

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co.*, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

It has long been established that, for diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000.00. *See* U.S. CONST. Art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*; *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In the removal context, where damages are unspecified in the plaintiff's complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)) *see also Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281, at n. 5 (11th Cir. 2001).

If the Defendant does not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, there is no federal jurisdiction and the District Court should remand the case to the state court from whence it came. *See* 28 U.S.C. § 1447(c). Here, RANDAZZA has not provided this Court with any specific, sufficient evidentiary support that the amount in controversy exceeds $75,000.00.

When it is not facially apparent from the allegations of the complaint that the amount in controversy jurisdictional requirement is met, the Court may consider facts in the removal petition and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Williams*, 269 F.3d at 1319. The Defendant must, however, offer more than bare, conclusory allegations that the amount in controversy exceeds $75,000. *Id*.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *reh'd denied*, 2008 WL 41327 (11th Cir. 2008) the Eleventh Circuit stated, "[t]racking § 1446(b), we note that the defendants' notice of removal contained no document clearly indicating that the aggregate value of the plaintiffs' claims exceeds [the jurisdictional] amount and, as such, they are unable to establish federal jurisdiction by a preponderance of the evidence." *Id*. at 1221. In light of the preponderance of the evidence standard and the recent *Lowery* decision, it is critical that the removing party provide sufficient evidence in his notice of removal to allow the court to conclude that the jurisdictional amount in controversy is satisfied where the complaint is silent on that issue. *Id*.

The only evidence provided by RANDAZZA in support of removal is the *Declaration of Marc Randazza* (Doc. 3) and nothing in this declaration establishes that the jurisdictional minimum is met. In the Declaration, RANDAZZA claims that **his** damages would exceed $75,000 if injunctive relief is granted. Even if is this allegation were true, RANDAZZA's potential damages are irrelevant to the jurisdictional issue. No evidentiary support is provided by RANDAZZA that the amount in controversy of the instant matter exceeds $75,000.00.

### III.   Conclusion

As RANDAZZA has not established the jurisdictional amount by the preponderance of evidence, this matter should be remanded back to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)(stating that a federal district court must remand to state court any case that was removed improperly or without necessary jurisdiction).

//
//
//
//
//
//
//
//

Respectfully Submitted this 12th day of December, 2014.

> */s/ John DeGirolamo*
> JOHNNY G. DEGIROLAMO, ESQ.
> FLORIDA BAR NO: 0089792
> *The Law Offices of John DeGirolamo, Esq.*
> 6000 South Florida Avenue
> P.O. Box 7122, Lakeland, FL 33807
> *Attorney for Plaintiff, Roca Labs, Inc.*
> Phone: (863) 603-3461
> Pr. Email: JohnD@inlawwetrust.com
> Sc. Email: Legal4@RocaLabs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF PACER system which will send a notice of electronic filing to the following: Lawrence G. Walters, Esq. (E-mail: Larry@FirstAmendment.com), Walters Law Group, 195 W. Pine Ave., Longwood, FL 32750, and Luke Lirot, Esq. (E-mail: luke2@lirotlaw.com), Luke Lirot, P.A., 2240 Belleair Rd., Clearwater, FL 33764.

> */s/ John DeGirolamo*
> JOHNNY G. DEGIROLAMO, ESQ.