**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROCA LABS, INC.,

    Plaintiff,

v().                                                          Case No: 8:14-cv-3014-T-24MAP

MARC RANDAZZA,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Plaintiff Roca Labs, Inc.'s Motion to Remand (Dkt. 6) and Defendant's Response in Opposition (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

*I.    Background*

Plaintiff Roca Labs, Inc. ("Roca"), manufacturer of certain food additives that are marketed as a weight-loss product, sued Defendant Marc J. Randazza ("Randazza"), on November 6, 2014, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The complaint alleges Randazza, an attorney for Consumer Opinion Corp. and Opinion Corp. in a related case brought by Roca[1], tortiously interfered with Roca's prospective business relationships, and defamed Roca when he made negative comments regarding Roca's product and business practices, and disseminated said comments through social media. Roca also alleges that Randazzo provided

---

[1] *Roca Labs, Inc. v. Consumer Opinion Corp. and Opinion Corp. d/b/a/ PissedConsumer.com*, 8:14-cv-2096-T-33EAJ (the "Opinion Case"), is currently pending before Judge Covington in the Middle District of Florida. The complaint was filed on August 15, 2014 in the Twelfth Judicial Circuit in and for Sarasota County and was removed to the Middle District of Florida on August 26, 2014. The complaint includes claims for deceptive and unfair trade practices, tortious interference with contractual relationships, tortious interference with prospective economic relationship, common law defamation, and declaratory relief stemming from Opinion Corp.'s posting negative consumer commentary about Roca's products on PissedConsumer.com.

1

defamatory statements from his pleadings in the Opinion Case to several online publications with the malicious intent to have them publish false, misleading, and defamatory articles about Roca. The complaint includes claims for tortious interference with Roca's prospective economic relationships, defamation *per se*, and declaratory relief. The complaint also seeks injunctive relief.

On December 2, 2014, Defendant filed a notice of removal asserting complete diversity of citizenship between the parties, an amount in controversy greater than $75,000, and the existence of a justiciable federal question. Plaintiff now moves to remand for lack of jurisdiction pursuant to 28 U.S.C. § 1332, arguing that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

II.  Analysis

    a.  Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

Plaintiff concedes the parties are diverse with respect to citizenship, however, Plaintiff argues that Defendant did not meet its burden of showing, by a preponderance of the evidence, the amount in controversy exceeds $75,000. Defendant argues the amount in controversy exceeds $75,000. Accordingly, the only issue presented for determination of diversity jurisdiction pursuant to 28 U.S.C. § 1332 is the amount in controversy. As explained below, the Court concludes that Defendant has established the amount in controversy exceeds $75,000.

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. *See Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002); *Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.

1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *Perez,* 139 F.3d at 1373.

Pursuant to 28 U.S.C. § 1332, in order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and complete diversity of citizenship must exist. When a defendant removes a case in which the plaintiff makes an unspecified damages claim, the defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1208 (11th Cir. 2007). As explained in *Lowery:*

> [A] court review[s] the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*Id.* at 1211. Furthermore, even though the defendant "may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Id.* at 1217. Under 28 U.S.C. § 1446(b), removal may be premised on either plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." *Id.* at 1212-13. If the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from the removing documents, then a motion for remand must be granted. *See id.* at 1211. "Federal courts are courts of limited jurisdiction, and ... all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001).

Based on a review of the complaint and the notice of removal, the Court finds that Defendant has met his evidentiary burden as to the jurisdictional minimum based on the value of Plaintiff's claims.

On its face, the complaint makes several allegations regarding the value and extent of Plaintiff's claims. First, Plaintiff represents that its damages at the time of filing were "in excess of $15,000, exclusive of interest, costs and attorneys' fees." (Dkt. 2, p. 1). Next, Plaintiff alleges it incurred "money damages" due to Randazza's tortious interference with Roca's prospective economic relationships and defamation *per se.* These "money damages" include those arising from "customers…refus[ing] to order and reorder from Roca as a direct and proximate result of Randazza's intentional interference with [Roca's economic] relationships" and losses "includ[ing] but not limited to, the failure of Roca to sell its product to identifiable potential customers as well as significant lost revenues from other potential customers" because of Randazza's defamatory comments. *Id.* at 18, 20.

Additionally, Plaintiff's verified motion for entry of a temporary injunction, filed contemporaneously with its complaint, asserts that Plaintiff "has lost daily sales of thousands of dollars through the date of this filing, and those sales will continue to be lost until the actions of Randazza are prohibited or cured". *Id.* at 25. Pursuant to Fed. R. Civ. P. 11(b), by signing the verified motion for entry of a temporary injunction, Plaintiff's counsel certified that to the best of his knowledge, his representations to the Court are accurate and not presented for an improper purpose. *See* Fed. R. Civ. P. 11(b).

A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden as to the jurisdictional minimum. *See S. Florida Wellness, Inc. v. Allstate Ins.*

*Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753-54 (11th Cir. 2010)). As the Eleventh Circuit has explained, "[w]hat counts is the amount in controversy at the time of removal." *Id.*

Defendant asserts Plaintiff's use of the word "thousands" implies a minimum amount of $2,000 in lost sales accruing "daily." The Court agrees. Because the complaint alleges, on its face, that lost sales were directly and proximately caused by Randazza's statements, and that Randazza's statements began as early as September 8, 2014, it is reasonable for the Court to infer that the value of Plaintiff's claims exceeded the jurisdictional minimum of $75,000 at the time of removal on December 2, 2014.

Furthermore, when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered. *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted). Under Florida law, when a plaintiff makes a claim for defamation *per se*, "liability itself creates a conclusive legal presumption of loss or damage." *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. 4th DCA 2010). Indeed, punitive damages may be the primary relief in a cause of action for defamation *per se*. *Id.* at 727. "The pertinent question at the jurisdictional stage is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover," therefore, the amount should not be discounted because of a chance that the plaintiffs will lose on the merits. *See S. Florida Wellness, Inc.*, 745 F.3d at 1315, 1318. Because the Court is bound to consider punitive damages in determining the amount in controversy, the Court concludes that the amount in controversy must be increased because of Plaintiff's defamation *per se* claim. However, determination of the precise value of punitive damages is not

necessary as the Court has previously concluded that the amount in controversy is readily deducible from the documents before the court and is in excess of $75,000.

On the basis of the forgoing, it is the Court's conclusion that diversity jurisdiction exists and Plaintiff's motion to remand must be denied. It is therefore

**ORDERED AND ADJUDGED** that:

1. Plaintiff Roca Labs, Inc.'s Motion to Remand (Dkt. 6) is DENIED.

2. The parties are directed to meet and confer for purposes of filing a Case Management Report pursuant to Local Rule 3.05 by January 30, 2015. The Case Management Report shall be filed within fourteen (14) days after the meeting.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2015.

*[Signature]*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel/Parties of Record