UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,                                                 CASE NO: 8:14-CV-03014-SCB-MAP

vs.

MARC RANDAZZA,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Roca Labs, Inc ("Roca Labs"), by the undersigned counsel, hereby responds to the *Motion to Dismiss or Transfer for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) and Incorporated Memorandum of Law* (Doc. 16) filed by Defendant, Marc Randazza. The grounds supporting this Response are set forth in the Memorandum of Law that follows below.

**INTRODUCTION**

**I.**    **Background**

Roca Labs sued the Defendant on or about November 6, 2014 in Hillsborough County, Florida. On or about December 2, 2014, Defendant removed the case to this Court (Doc. 1). At the outset, the foregoing factual assertions belie the application of 28 U.S.C. § 1391, which applies to actions that were originally brought in a District Court. *See* 28 U.S.C. § 1391(a)(1)(stating that "this section shall govern the venue of all civil actions brought in district courts of the United States.") Further, because this case was removed, a dismissal cannot be predicated on 28 U.S.C. § 1391, which does not apply to removed cases. Moreover, in removing

1

the matter to the Middle District, Defendant admits that both venue and jurisdiction is appropriate with this Court.

The original Complaint (Doc. 2) pled claims for Tortious Interference, Defamation *Per Se*, and Declaratory Relief seeking the recovery of damages incurred by Plaintiff as a result of Defendant's actions, *to wit*: Defendant defamed Roca Labs when he (1) intentionally made defamatory comments regarding Florida company Roca Labs' product and business practices to several online publications with the malicious intent to publish false, misleading, and defamatory articles about Roca Labs, (2) published defamatory comments in Florida, (3) disseminated his comments through social media, and subsequently (4) Defendant used this Court in the Middle District of Florida to further publish and disseminate defamatory statements.

On January 29, 2015, Plaintiff filed a Motion for Leave to Amend and attached its First Amended Complaint as Exhibit "1" (Doc. 20). The amendment seeks to join Marc J. Randazza, P.A. d/b/a The Randazza Legal Group ("Randazza Group") as a liable party based on newly discovered information that was (1) not readily available to the Plaintiff at the time it instituted this action and/or (2) confirmed previously contemplated issues.

Randazza Group is a Florida corporation providing legal services in the State of Florida. *See* Exhibit "1." Defendant is now claiming that he let his law office in Florida lapse at the end of 2014 and no longer operates it, but the State of Florida Department of Corporations shows the business as active,the Randazza Legal Group has made filings in Florida in 2015 with their Florida address, and as of the date of this document, Randazza Legal Group is advertising a Miami, Florida office location on its website www.randazza.com. *See* Exhibit "2." Randazza

Group is liable to Plaintiff for damages inflicted and is a rightful Florida Defendant in this action along side Mr. Randazza (Doc. 20).

As an unintended and consequential effect of Plaintiff's proposed Amendment, this Court's jurisdiction would be impacted because complete diversity would not exist between all Parties to this action. If the Court agrees to allow Plaintiff to Amend the Complaint , then the case should be remanded to State Court from which it was removed. This would render Defendant's instant Motion is moot.;Out of an abundance of caution and because the Court has not yet ruled on the First Amended Complaint Plaintiff files this response. Defendant seeks dismissal or in the alternative transfer of venue to two different District Courts in two different States. This filing was foreshadowed in Plaintiff's response (Doc. 11) to *Defendant's Motion to Clarify and/or Extend Deadline To File Special Anti-Slapp Motion to Strike and Memorandum of Law* (Doc. 10), wherein the undersigned alerted the Court that Defendant would soon seek to force Nevada and/or California law to apply to this case. Indeed, pages ten (10) and eleven (11) of Defendant's Motion unequivocally states that California and Nevada law afford him a better defense than the laws of Florida.[1] The instant Motion is undeniably forum shopping.

Nevertheless, Defendant submits the true basis for venue himself in the opening paragraphs of his Motion. Defendant states that "[t]his claim stems from the Defendant's representation of the defendants in the related case of *Roca Labs v. Opinion Corp., Case No.: 8:14-cv-02096-VMC-EAJ*, currently pending in the United States District Court, Middle District of Florida, Tampa Division (the "Opinion Case"). *Assuming arguendo* the Court applies 28

---

[1] As Defendant previously wrote in a law review article, "States, like Florida ... have anemic statutes that are rarely, if ever, applicable, and limit their protections to narrow groups of people." *See The Need for a Unified and Cohesive National Anti-Slapp Law*, Oregon Law Review Vol. 91 (2012) 627.

U.S.C. § 1391, this statement unequivocally confirms that the Middle District of Florida is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2). Defendant later makes contradictory arguments to the foregoing statement, but as detailed below, he can not pick and choose the fact pattern which best follows his analysis for his requested relief.

In all events, for the following reasons, this court should remand and close this case, or in the alternative, rule that venue is proper in the Middle District of Florida.

**MEMORANDUM OF LAW**

**II.    Argument**

    *A.    This Court Lacks Jurisdiction*

The First Amended Complaint includes several new causes of action against a new party, Randazza Group, which is a Florida Corporation. *See* Exhibit "1." Parties are diverse if they are each citizens of different states. *See* 28 U.S.C. §1332(a). In other words, the Federal Court's are conferred jurisdiction over civil actions in which no Party is a citizen of the same state as another party in the case. *Id*. With respect to corporations, 28 U.S.C. §1332(c)(1) sets forth that a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated.

Exhibit "1" shows that Randazza Group is incorporated in Florida for the purposes of providing professional legal services, and recent filings prove that the Florida corporation continues to operate. *See* Exhibit "3." Thus, the pending amendment, should this Court grant Doc. 20, effectively renders the Parties as non-diverse, *to wit*: Randazza is a Nevada resident; Randazza Group is a Florida Corporation; and Roca Labs is a Florida Corporation.

Mr. Randazza claims the business in Florida is now defunct; however he and his associates continue to practice law out of and through that office, so such contention is completely false, irrespective of any "sworn" affidavit Defendant wishes to soon file. *See* Exhibits "1, 2, and 3;" *See also* Affidavit of Paul Berger, Esq., attached hereto as Exhibit "4." Mr. Randazza previously stated competing "truths" in this Courthouse before, and this Court should take judicial notice of such statements. *See* Exhibit "5," at page 2, *compare with* Exhibit "6," at paragraph 9. In reality, Mr. Randazza only maintains that his law office in Florida is defunct in order to escape the potential negative effect it has on his case.

Therefore, should the Court grant Plaintiff's pending Motion for Leave to Amend the Complaint (Doc. 20), then diversity jurisdiction will be lacking because Randazza Group is a proper Florida corporation adverse Plaintiff, which is also a Florida corporation. Accordingly, the Court should deny Defendant's Motion.

### B.     *28 U.S.C. § 1391 Does Not Apply*

When considering venue arguments in a removed action, the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. *See Hollis v. Florida State University*, 259 F.3d 1295 (11th Cir. 2001); *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)(holding that action removed pursuant to § 1441(a) could not be dismissed by district court on ground that venue under § 1391 would have been improper if action had originally been brought in federal court.) The *Polizzi* Court went on to rule that "[E]ven on the question of venue, § 1391 has no application to this case because this is a removed action. *Id*. The venue of removed actions is governed by ... § 1441(a), and under that

section venue was properly laid in the Southern District of Florida [the district in which the state action had been pending]." ) *Id.*; *See also Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir.1997); *Stewart Org., Inc. v. Ricoh Corp.,* 810 F.2d 1066, 1068 (11th Cir.1987). Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds. *See Hollis*, 259 F.3d 1295 (citing *Polizzi*, 345 U.S. at 665).

Defendant has used the wrong avenue to petition this Court for dismissal, and this Court should deny his Motion outright. *Assuming arguendo* that Defendant chose the correct statute under which to pursue his relief, the Court can glean from the entirety of the instant Motion that Mr. Randazza is forum shopping in bad-faith.

### C.  *Defendant is Forum Shopping*

#### i.  **Defendant Has Not Met His Burden For Transfer**

Although "the court may consider matters outside the pleadings, particularly when the motion is predicated upon key issues of fact," *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000), it "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). Because Federal courts usually give substantial deference to the plaintiff's choice of forum, the movant bears the burden of persuading the Court that its proposed forum is more convenient than the current forum. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)(explaining, generally, the traditional burden for a 28 U.S.C. § 1404(a) transfer).

Defendant bears a "heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping*, 549 U.S. 422, 430 (2007) and Defendant has not met his

burden. Trial courts have discretion to transfer venue, and the Middle District of Florida considers several factors in determining whether it should transfer venue in a given case: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *American Aircraft Sales International, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

Simply put, for the reasons set forth below, Defendant has not met his burden and the Motion should be denied:

1. Plaintiff's initial choice of forum was State Court in Sarasota County, Florida. Defendant intentionally committed a tort in Florida and seeks the protection of California or Nevada Courts because Florida does not offer him his preferred defense. As discussed in the preceding sections, Defendant has not provided legally sufficient grounds to disturb Plaintiff's choice of venue, and that includes providing an adequate alternative venue.

2. It is more convenient for the parties and witness to have the case remain in the Middle District. Plaintiff is a Florida Corporation and Defendant is an attorney licensed to practice law in the State of Florida and maintains an office in the State of Florida. Neither party has any connection to the State of California. The actions arose in Florida and a majority of the witnesses are in Florida. Other than Defendant, no other witnesses reside in Nevada. Indeed, according to Exhibit "7," the potential witnesses reside in at least California, Wisconsin or Illinois, Washington, D.C., and Florida, but Defendant is

   not asking to change the venue to accommodate any of those witnesses, only those residing in California. *See* Exhibit "7."

3. Sources of proof are also in Florida. Other than Defendant, there are no sources of proof in Nevada, although we believe that the majority of Defendants actions took place in his Miami Office location or while he was in Florida. California is where Twitter and TechDirt maintain Corporate offices. It is unlikely that a corporate representative from either entity would appear as a witness at trial.

4. The availability of compulsory process for witnesses is not increased by moving the venue to California or Nevada. Moving the case to Nevada or California may hamper Florida witnesses.

5. The change would have a negative financial impact on the ability of Roca Labs to pursue relief in the Court. Plaintiff has counsel in Florida, but no representation in California or Nevada. Prosecuting this matter in California or Nevada would cost Plaintiff hundreds of thousands of dollars. This is a significant additional expense given the harm that was brought to Plaintiff by Defendant in Florida. Defendant is an attorney in Florida and is admitted in the Middle District of Florida and is actively practicing law from an Office in Florida. It should be more expensive for him to defend this matter in California.

6. From a practical matter, the case arose from actions that took place in Florida and we are requesting that this Court apply the laws of the State of Florida. It seems impractical to ask a Federal Court in Nevada or California to apply the laws of Florida.

The true reasons for Defendant's choice of California or Nevada lies on pages ten (10) and eleven (11) of his Motion. There, he states that Florida does not have an interest is protecting

the speech of its citizens; in other words, Florida does not have Anti-Slapp statutes that would protect the Defendant, but California and Nevada do. Since the inception of this action, Defendant lobbied that this case is an Anti-Slapp suit. *See* Exhibit "8." To help facilitate, Defendant hired two California attorneys to request that this Court afford him more time to file an Anti-Slapp Motion that would be entirely and exclusively based on California or Nevada law (Doc. 10). Having access to a defense that would not otherwise be supported by Florida law does not prove that an alternative venue would be more convenient for anyone but the Defendant. This is quintessential forum shopping.

Defendant spends his Motion requesting that the Court dismiss this case or transfer the action away from this venue, all the while he is filing new actions in Florida, representing parties in the Middle District, maintaining a law office in Florida, and frequently appearing in Florida Courtrooms on cases which he is not the attorney of record. Further, this case originated in State Court and Defendant chose to remove the case to Federal Court. Thus, Florida law applies to this case, and that includes any defenses Defendant may invoke. Indeed, it is more convenient for a sitting Florida Federal Judge to apply Florida State law than a California or Nevada sitting Judge applying Florida State law.

Nevada and California, along with their State statutes, are not available to Defendant. It is improper forum shopping to request a Court transfer venue for these purposes and suggest that any Court presiding over the matter should apply California or Nevada law so Defendant can file his Anti-Slapp Motion, which does not apply in this case anyway.

The witnesses in California will not be unnecessarily compelled to travel anywhere, nor does Plaintiff anticipate unduly burdening persons who have unfortunately been caught in

Defendant's war against Plaintiff. While it appears Defendant's witnesses from California were willing participants in Defendant's plight, Plaintiff nevertheless does not plan to inconvenience them, especially not to the degree that a transfer of venue would be appropriate in this case.

Moreover, Defendant asserts in his Motion that any documents relevant to establishing liability that are not stored electronically are located either in Nevada or California. The Court would need to know the amount of documents that are not electronically stored to ascertain whether ease of access to proof weighs in favor of either Party. Plaintiff is unaware of which documents are or are not electronically stored, if any, because the discovery process has not started. Defendant claims he provided the Court with all of his communications with outside persons, and thus, if true, the discovery process may not yield copious amounts of documents. Regardless, almost anything nowadays can be forensically examined, scanned to a computer, scanned to a disk, or duplicated safely and transmitted safely electronically. Even if there is not an issue regarding the location of relevant documents, and the Court can freely assume that the Defendant, who travels to Florida quite regularly (certainly more than Plaintiff travels to Nevada or California), is able to coordinate his various Florida travel obligations should his presence or documents be required in the Middle District. In all events, if Defendant's affidavit is truthful, then there should not be enough non-electronically stored proof in Nevada or California warranting a transfer of venue.

### ii. Should this Court Find Jurisdiction, Then This Case Belongs in the Middle District of Florida

As set forth above, complete diversity does not exist amongst the Parties. If the Court should decide otherwise, Plaintiff affirmatively states that the case belongs in the Middle District of Florida. Defendant contends that Plaintiff could have brought this suit in Nevada or California

because the substantial events happened in one of those States, but as shown in the preceding paragraphs and discussed below, Plaintiff filed the action in the only proper venue.

Defendant's analysis concerning whether Plaintiff could have filed suit in his chosen forums hinges on the version of facts where he made out-of-court statements from Nevada to California. Defendant argues this position without deference to unequivocally stating that "[t]his claim stems from the Defendant's representation of the defendants in the related case of *Roca Labs v. Opinion Corp., Case No.: 8:14-cv-02096-VMC-EAJ*, currently pending in the United States District Court, Middle District of Florida, Tampa Division (the "Opinion Case"). The foregoing statement proves that the most relevant, substantial events occurred in the Middle District of Florida.

Moreover, requesting transfer to two different venues unequivocally shows that neither venue is, or would have been, legally sufficient under the venue statutes; in other words, Defendant can not affirmatively state that venue is improper in the Middle District, then affirmatively state that two other Courts, in two other States, are where "a substantial part of the events or omissions giving rise to the claim occurred." *See* Under 28 U.S.C. § 1391(b)(2).

Further, Plaintiff satisfied Florida's traditional two-part analysis: (1) the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute, *see Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 5 (11th Cir. 2000), and (2) once it has determined that the long-arm statute is satisfied, the court must determine whether plaintiff's assertion of jurisdiction comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice. *See id.*; *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).

### a. Due Process and Traditional Notions of Fair Play

The Court can and should determine that exercising jurisdiction over Defendant Randazza comports with fair play and substantial justice. Although the burden on Defendant in having to defend a suit in Florida may be perceived as great, Roca Labs would suffer a far worse injustice given the travel schedule for both parties. As Defendant mentions in every filing, he is the lead counsel in active litigation based in the Middle District of Florida. Additionally, Mr. Randazza filed a new lawsuit against Plaintiff in the Southern District of Florida wherein he is the lead counsel. By comparison, Plaintiff is involved in only one lawsuit in either venue the Defendant wishes to invoke. However, the class action lawsuit in California (which was discussed in Defendant's Motion for no other reason than to further smear Plaintiff) is not nearly as active as Defendant would like it to be and Plaintiff retained local counsel strictly for that case. Indeed, Plaintiff may never have to travel to California during the pendency of that suit. Plaintiff, unlike the Defendant, does not have counsel in place in any other jurisdiction to litigate this case.

In all events, Mr. Randazza is subject to personal jurisdiction in Florida under section 48.193(1)(b) due to the commission of a tortious act within this State. Although Randazza argues that litigating this dispute in Florida would be inconvenient for him and his witnesses, the relevant facts surrounding this case prove such a statement to be untrue. Therefore, the Court can and should find that (1) exercising jurisdiction over Mr. Randazza does not offend the Constitutional requirement of due process, (2) jurisdiction under section 48.193(1)(b) has been established, and thus, (3) the Middle District of Florida is the proper venue.

//

### b. Personal Jurisdiction and Publication

A court may exercise specific personal jurisdiction over a defendant who commits one of the series of acts provided in section 48.193(1). Where a defendant is found to have undertaken one of the acts enumerated in section 48.193(1), and the cause of action arises from or relates to that act, the long-arm statute has been satisfied. *See Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1320 (M.D. Fla. 2010). Mr. Randazza does not directly dispute the applicability of section 48.193(1)(b). In his Motion, Mr. Randazza merely states that 28 U.S.C. § 1391(b)(3) does not apply because he is not a resident. Defendant fails to adequately rebut the allegation that his actions resulted in injury to Roca Labs in Florida, which unequivocally confers personal jurisdiction over him under Florida law. The Eleventh Circuit applies a broad construction of subsection 48.193(1)(b), under which courts exercise personal jurisdiction over a nonresident defendant if a tort committed outside Florida causes injury in Florida. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217 (11th Cir. 1999).

In the instant matter, Plaintiff resides solely and exclusively in Florida. Defendant has knowledge of this fact based on his past dealings with Plaintiff and their counsel. Defendant unequivocally knows that when he targets Plaintiff, he is doing so in Florida. Defendant's target is clearly Roca Labs. *See* Exhibit "7," stating, "finding the right class rep would be a good way to serve roca right." Defendant sought out the purveyor of a magazine that is exclusively published on the world wide web for purposes of placing his defamatory material on the internet and reaching Florida. *See Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1215 (Fla. 2010)(holding that in the context of the World Wide Web, given its pervasiveness, an alleged

tortfeasor who posts allegedly defamatory material on a website has intentionally made the material almost instantly available everywhere the material is accessible.")[2]

Defendant's analysis of publication is flawed for several reasons: (1) there is no evidence that Mr. Randazza was certain of the location of any of the recipients of the e-mails in Exhibit "7," (2) Defendant deliberately caused the publication to occur in an internet-only magazine targeting Plaintiff whom he knew was in Florida, then published statements himself on Twitter and in e-mails to Florida, and (3) publication occurred in Florida where it was read and accessed by Plaintiff. *See Internet Solutions Corp.,* 39 So. 3d at 1215 (holding that "allegedly defamatory material about a Florida resident placed on the Web and accessible in Florida constitutes an "electronic communication into Florida" when the material is accessed (or "published") in Florida. . . .[t]his interpretation is consistent with the approach taken regarding other forms of communication.")

In addition to his publications on the internet and social media, Defendant published his statements to someone in Florida via e-mail. *See* Exhibit "7." Darren Spielman, Esq., of Kain & Associates, Attorneys at Law located Ft. Lauderdale, Florida is found in an e-mail within Exhibit "7." Mr. Randazza knows that Mr. Spielman is in Florida, and published his statements to Mr. Spielman *in Florida*. The e-mail proves that on at least one occasion, Mr. Randazza published and disseminated materials to Florida targeting the Plaintiff in Florida using e-mail and twitter. *See Internet Solutions Corp.,* 39 So. 3d at 1215 (holding that "[w]hen the posting is then accessed by a third party in Florida, the material has been "published" in Florida and the poster

---

[2] Defendant is undoubtedly aware of *Internet Solutions Corp. v. Marshall* and the Court's rulings because he was counsel of record and appellate counsel for Ms. Marshall.

has communicated the material 'into" Florida, thereby committing the tortious act of defamation within Florida.")

**IV.  Conclusion**

For all of the foregoing reasons, this Court, respectfully, should deny the Motion.

Respectfully submitted this 30th day of January, 2015.

> */s/ John DeGirolamo*
> JOHNNY G. DEGIROLAMO, ESQ.
> FLORIDA BAR NO: 0089792
> *The Law Offices of John DeGirolamo, Esq.*
> 6000 South Florida Avenue,
> P.O. Box 7122, Lakeland, FL 33807
> *Attorney for Plaintiff, Roca Labs, Inc.*
> Phone: (863) 603-3461
> Pr. Email:  JohnD@inlawwetrust.com
> Sc. Email:  Legal4@RocaLabs.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on 30th day of January, 2015. I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF PACER system which will send a notice of electronic filing to the following:


    Lawrence G. Walters, Esq. (E-mail: Larry@FirstAmendment.com)
    Walters Law Group, 195 W. Pine Ave., Longwood, FL 32750

    Luke Lirot, Esq. (E-mail: Luke2@lirotlaw.com)
    Luke Litor, P.A., 2240 Belleair Road, Clearwater, FL 33764

    Ira Perry Rothken, Esq. (E-mail: Ira@techfirm.net)
    Jared Robinson Smith, Esq. (Email: Jared@techfirm.net)
    Rothken Law Firm, 3 Hamilton Landing, Suite 280, Novato, CA 94949


            */s/ John DeGirolamo*
            JOHNNY G. DEGIROLAMO, ESQ.