**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROCA LABS, INC.,

    Plaintiff,

v.                                                        Case No: 8:14-cv-3014-T-24MAP

MARC RANDAZZA,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 20) and Defendant's response in opposition (Dkt. 24). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be granted.

**I.  BACKGROUND**

Plaintiff Roca Labs, Inc. ("Roca"), manufacturer of certain food additives that are marketed as a weight-loss product, sued Defendant Marc J. Randazza ("Randazza"), on November 6, 2014, in state court alleging Randazza tortiously interfered with Roca's prospective business relationships, and defamed Roca when he made negative comments regarding Roca's product and business practices and disseminated said comments through social media. The complaint also alleged that Randazza provided defamatory statements from pleadings in a related case, *Roca Labs, Inc. v. Consumer Opinion Corp. and Opinion Corp. d/b/a/ PissedConsumer.com*, 8:14-cv-2096-T-33EAJ (the "Opinion Case")[1], to several online publications and websites with the malicious

---

[1] The Opinion Case is currently pending before Judge Covington in the Middle District of Florida. Randazza represents defendant Opinion Corp. in the action. The complaint in the Opinion Case includes claims for deceptive and unfair trade practices, tortious interference with contractual relationships, tortious interference with prospective economic relationship, common law defamation, and declaratory relief stemming from Opinion Corp.'s posting negative consumer commentary about Roca's products on PissedConsumer.com.

intent to cause publication of false, misleading, and defamatory articles about Roca. On December 2, 2014, Randazza removed this action, and the Court denied Roca's motion to remand on January 20, 2015.

Roca now moves for leave to amend its complaint in order to join Marc J. Randazza, P.A. d/b/a/ Randazza Legal Group ("RLG"), a Florida professional association, as a defendant.

## II. DISCUSSION

### A. Permissible Joinder of Non-diverse Defendant After Removal

Under 28 U.S.C. § 1447(e), when a plaintiff seeks to add a non-diverse defendant after removal, the district court has discretion whether to allow the joinder and remand the case, or deny joinder and retain the case.[2] *See Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639, 640 (11th Cir.2007); *Ingram v. CSX. Transp., Inc.,* 146 F.3d 858, 862 (11th Cir.1998). "When considering such a motion, the court should scrutinize it more closely than a typical motion for leave to amend." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-CV-673-T-33AEP, 2011 WL 3035269, at *1 (M.D. Fla. July 25, 2011) (citation omitted).

In order to determine whether joinder of a non-diverse defendant should be permitted after removal, a district court must balance the equities involved. *See Glasbrenner v. Cont'l Gen. Ins. Co.*, No. 8:03-CV-2385-T-27TBM, 2004 WL 322912, at *1 (M.D. Fla. Jan. 27, 2004). In balancing these equities, the court should consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Shulthiess v. LM Gen. Ins. Co.*, No. 8:14-CV-

---

[2] Randazza asserts that 28 U.S.C. § 1447(e) applies in this case and therefore concedes that the joinder of the Randazza Legal Group would destroy subject matter jurisdiction.

2

2935-T-27AEP, 2015 WL 136092, at *1 (M.D. Fla. Jan. 9, 2015) (citing *Henry v. K–Mart Corp.*, No. 8:10–CV–2105–T–33MAP, 2010 WL 5113558, at *2 (M.D. Fla. Dec.9, 2010); *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1997)). Having considered the factors above, along with the facts of this case, it is the Court's conclusion that the motion to amend should be granted.

### 1.     Purpose of Amendment and Delay

Randazza argues that the timing of Roca's instant motion for leave to amend demonstrates that its purpose was to defeat federal jurisdiction. The Court disagrees. Roca explains, and the record supports, why Roca waited until January 29, 2015, to add RLG: Randazza's January 12, 2015 motion to dismiss or transfer contained the first record evidence that Randazza was acting as an attorney for RLG when he engaged in the allegedly defamatory conduct.

Randazza filed a motion to dismiss or transfer this case on January 12, 2015. In his motion to dismiss, Randazza asserted that the instant action "stems from [his] representation of the defendants in the related case of *Roca Labs v. Opinion Corp.*, Case No.: 8:14-cv-02096-VMC-EAJ." (Dkt. 16). Randazza's motion to dismiss also attached email correspondence related to Roca's allegations, which revealed that emails were sent from his RLG business e-mail account, rather than Randazza's personal account. (Dkt. 16-5). These representations and evidence provided the first confirmation that Randazza's conduct arose from his legal representation of a client on behalf of RLG, rather than from personal motivations. The motion to dismiss was Randazza's first response to the allegations in the complaint, as no answer had been filed and discovery had not commenced. Approximately two weeks later, Roca filed the motion to amend.

Roca asserts that while a factual scenario connecting RLG to this action was contemplated at the time of the initial complaint, Roca's attorney declined to join RLG at that time because it lacked adequate confirmation of the underlying facts. Pursuant to Federal Rule of Civil Procedure

3

11(b), in signing a complaint, an attorney certifies that the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). As the record supports Roca's assertion that facts confirming RLG's potential liability in this action were not confirmed until Randazza's motion to dismiss, Roca was not dilatory in moving to amend.

### 2. Prejudice to Plaintiff

The next factor for the Court's consideration is whether Roca will be significantly injured if the amendment is not allowed. Randazza argues that Roca would not be injured if RLG is not added as a party to this action. However, if amendment is denied, in order to pursue its claims against RLG, Roca will need to litigate this matter in both state and federal court. Although this is not a significant factor in the Court's analysis, the Court finds that this factor supports granting leave to amend.

### 3. Fraudulent Joinder

Randazza asserts that amending the complaint to add RLG constitutes fraudulent joinder.

"A defendant alleging fraudulent joinder has the burden of proving the alleged fraud." *Accordino v. Wal–Mart Stores E., LP,* No. 3:05–cv–761–J–32MCR, 2005 WL 3336503 at *2 (M.D. Fla. Dec. 8, 2005) (citation omitted). That burden is a heavy one. *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998). The Court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in the plaintiff's favor." *Id.* The fact that the plaintiff may not ultimately prevail against the resident defendant does not mean that the resident defendant has been fraudulently joined; only a colorable claim against the resident defendant is needed. *Id.* In other words, the "plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating


a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (emphasis in original).

Roca's claims against RLG derive from the acts of Randazza under the doctrine of *respondeat superior*. Under the doctrine of *respondeat superior*, an employer can be vicariously liable for the acts of its employees performed within the course of their agency or employment. *Doe v. St. John's Episcopal Parish Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1287 (M.D. Fla. 2014) (citing *Dieas v. Assoc. Loan Co.,* 99 So.2d 279, 281 (Fla.1957)). Roca alleges that Randazza acted on behalf of, and as the employee of, RLG when he disseminated defamatory statements regarding Roca's product and business practices. Evaluating the factual allegations in the light most favorable to Roca, as the Court must, Roca has sufficiently stated a cause of action against RLG for *respondeat superior* liability.

Randazza alternatively argues that RLG is fraudulently joined because RLG is not the legal entity through which he provided legal representation and services in the Opinion Case. In support of this argument, Randazza attaches the declaration of Ronald D. Green, which asserts that "[a]ll legal activity and representation" of clients by Marc J. Randazza and all attorneys that work for Randazza Legal Group is done through Randazza Legal Group, PLLC, [a] Nevada Corporation." (Dkt. 24, Ex.1).

Roca has alleged that Randazza provided legal services through RLG in the Opinion Case. Roca has submitted Randazza's application for registration of the fictitious name "Randazza Legal Group" for use by RLG. (Dkt. 20, Ex. 3). Roca has also submitted evidence that Randazza, as an attorney for "Randazza Legal Group," acts as local counsel for Opinion Corp. in the Middle District of Florida. *See Roca Labs, Inc. v. Consumer Opinion Corp. and Opinion Corp. d/b/a/ PissedConsumer.com*, Case No.: 8:14-cv-2096-T-33EAJ, Dkt. 54. Specifically, a November 13,

2014 motion signed by Randazza with a signature block reading "Randazza Legal Group," requested the Court designate him as local counsel. *Id.* The motion states: "Pursuant to Local Rule 2.02, Ronald D. Coleman designates Marc J. Randazza, Esq., who maintains an office in the State of Florida for the practice of law, and is the attorney of record in this matter, as local counsel." *Id.* On the basis of this evidence, Roca alleges that Randazza owns and operates a business in Florida for the purposes of practicing law, and that he provided legal services through RLG in the Opinion Case.

Viewing the factual allegations in the light most favorable to Roca, the Court finds that Roca has submitted sufficient evidence that Randazza acted as an attorney for RLG in the Opinion Case. As Roca has alleged a legally cognizable claim against RLG on the basis of *respondeat superior* and asserted factual allegations that Randazza provided legal services through RLG in the Opinion Case, Randazza has not shown that RLG is fraudulently joined.

### B. <u>Whether Amendment is Futile</u>

Finally, Randazza argues that any attempt to amend, based on the facts alleged by Roca, would be futile. Specifically, Randazza argues that Roca's claims against RLG are barred by the litigation privilege.[3]

Here, Randazza does not assert that Roca's amended complaint fails to state a cognizable cause of action against RLG; rather, Randazza asserts that Roca's causes of action against RLG fail on the merits; that is, they would not survive summary judgment due to the litigation privilege.

While Florida law recognizes that certain defamatory statements and tortious acts made in the course of judicial proceedings are absolutely privileged, Florida courts have held that

---

[3] Randazza also argues that RLG is not the legal entity that represents Opinion Corp. in the Opinion Case. As discussed above, Roca has alleged sufficient facts to support its claim that Randazza provided legal services through RLG in the Opinion Case.

defamatory website publications are not deemed to be made in the course of judicial proceedings. *See Ball v. D'Lites Enterprises, Inc.*, 65 So. 3d 637, 641 (Fla. 4th DCA 2011). In *Ball*, the court held that statements posted on defendant's website stating that plaintiff's dietary ice cream product was "a hoax" were not protected by the litigation privilege. *Id.* The court analogized the publication of statements on the internet to calling a press conference with the media or otherwise publishing defamatory information to the newspapers or other media. *Id.* The court held that such statements on the internet do not further the purpose of judicial proceedings, and therefore, are not protected by absolute privilege for statements made in connection with judicial proceedings. *Id.* at 640. As the court explained:

> [T]he website publication in this case was not made in connection with the judicial proceeding. It was not made in the proceedings itself, nor was it made to a participant connected to the proceeding such as a witness. Like statements to the newspapers or press conferences, these statements have no part in the judicial proceedings. Instead, they were made to the world at large through the website and accused the plaintiffs of fraud and perpetrating a hoax on the public. These statements were not "necessarily preliminary" to judicial proceedings, because…the statements were not steps in the judicial process. The judicial proceeding immunity should not be extended to such publications, because it does nothing to enhance policy behind the privilege which is to provide free and full disclosure of facts in a judicial proceeding. It is not communication directed to participants which must remain unhindered by fear of civil lawsuits. Instead, it most likely does just the opposite, and information relevant to lawsuits may be less likely to be shared for fear that it will be posted on the internet.

*Id.* at 641.

In the instant case, Roca has alleged that Randazza, acting as attorney for RLG, caused defamatory statements about Roca to be published on various websites. Roca also alleged that the statements were made "only to wage war against Roca and for [RLG's] public relations efforts to gain new business," rather than to further the purpose of judicial proceedings. (Dkt. 20, Proposed Am. Comp. ¶ 171). In light of *Ball*, this Court cannot say that Roca's claims against RLG are barred by the litigation privilege, and amendment would be futile.

**III.   CONCLUSION**

It is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 20) is **GRANTED**. Because this Court no longer has diversity jurisdiction, the Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough, Florida, and then close the case. All other pending motions are denied as moot.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of April, 2015.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties